UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carl Waskul,

    Plaintiff,

v.                                              Case No. 17-13932

Metropolitan Life Insurance Company,    Sean F. Cox
                                                        United States District Court Judge

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Plaintiff had a long-term care insurance policy with Defendant. But when his children sought a coverage determination on the policy, Defendant informed them that the policy had been terminated. So, Plaintiff sued Defendant, alleging breach of contract, fraudulent misrepresentation, and a statutory claim. Defendant has moved to dismiss and Plaintiff, in turn, seeks leave to amend his complaint.

For the reasons below, the Court shall grant Plaintiff's motion for leave to amend. The Court shall also grant Defendant's motion to dismiss in part and deny it in part. The Court shall deny the motion to dismiss as to the breach of contract claim, but it shall grant the motion to dismiss as to the fraudulent misrepresentation and statutory claims.

## BACKGROUND

Plaintiff Carl Waskul initially filed this suit in state court against Defendant Metropolitan Life Insurance Company. Defendant then removed the case to this Court (Doc. # 1) and, on January 12, 2018, moved to dismiss under Rule 12(b)(6) (Doc. # 3). On February 5, 2018,

1

Plaintiff responded to Defendant's motion (Doc. # 6). That same day, he also moved for leave to file an amended complaint, which he attached to his motion (Doc. # 7). Defendant opposed the motion for leave to amend, arguing that it would be futile (Doc. # 11). The Court held a hearing on these motions on July 12, 2018.

Because Plaintiff seeks leave to amend his complaint, the Court shall consider the facts as alleged in his proposed complaint. That way, the Court can assess whether leave to amend would be futile, *see Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005) (noting that although leave to amend "shall be freely given when justice so requires," denial may be appropriate if the amendment is futile), in which case Defendant's Motion to Dismiss should be granted. *See Riverview Health Institute LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). If not, leave to amend should be granted. Thus, the Court relies on the facts set forth in Plaintiff's proposed first amended complaint (Doc. # 7, Ex. 2).

In 1996, Plaintiff purchased a long-term care insurance contract from Defendant.[1] Proposed Amended Complaint, ¶ 7. The coverage included Plaintiff's expenses for nursing home care, capped at $200 per day, and a maximum lifetime benefit of $511,000. *Id*. at ¶ 11. The policy was Guaranteed Renewable, meaning Plaintiff merely had to pay the premiums to keep the policy in force and that Defendant could not cancel the policy. *Id*. at ¶ 8. Plaintiff paid his premiums for more than 19 years. *Id*. at ¶ 9.

In March 2003, Plaintiff designated his son William as his "Lapse Designee" to receive

---

[1] Plaintiff's claims are all predicated on this insurance policy. The policy is part of the record and the Court may rely upon it when ruling on the parties' motions. *See Bassett v. Nat'l Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008).

notice of lapse or termination of the policy for non-payment of premium. *Id*. at ¶ 12. The Lapse Designee Form stated:

> If you elect this option, TIAA-CREF life will notify the person you designate that your policy is in danger of lapsing due to lack of premium payment. When this option is chosen, TIAA-CREF life will extend your 31-day grace period by an additional 30 days from the date we notify your designee about the potential lapse of your policy. We will not extend your grace period unless you elect this option.
>
> I understand that I have the right to designate at least one person other than myself to receive notice of lapse or termination of this long-term care insurance policy for nonpayment of premium. I understand that notice will not be given until 30 days after a premium is due and unpaid.

Later, in June 2014, Plaintiff authorized Defendant to disclose personal information to William and his son Terrance. The Disclosure Authorization provided:

> I hereby authorize Metropolitan Life Insurance Company ("MetLife") to disclose my personal heath information (including demographic, billing, claim, and plan information) about my MetLife long-term care insurance to the person(s) listed below to allow that person(s) to assist me in matters related to my insurance coverage.

Plaintiff alleges that, through this form, he designated William and his son Terrance as his powers of attorney as to the policy. *Id*. at ¶ 13.

On August 8, 2015, Plaintiff was diagnosed as cognitively impaired. *Id*. at ¶ 14. Three days later, he completed an application for admission into an assisted living long-term care facility, where he stayed for two weeks. *Id*. at ¶ 15.

On November 11, 2015, after a telephone conversation with Plaintiff, Defendant purportedly terminated Plaintiff's policy. *Id*. at ¶ 16. Defendant did not give notice of the termination to Plaintiff's Lapse Designee. *Id*. at ¶ 17. Nor did Defendant refund Plaintiff's unused 2015 annual premium. *Id*. at ¶ 18.

3

Several months later, on February 1, 2016, Plaintiff failed to pay his premium. *Id*. at ¶ 19. Despite the non-payment, Defendant did not notify Plaintiff's Lapse Designee of this failure to pay. *Id*. at ¶ 20.

In May 2017, Plaintiff's children contacted Defendant to obtain a coverage determination for Plaintiff. *Id*. at ¶ 21. Defendant informed them that the contract had been terminated and could not be reinstated. *Id*. at ¶ 22. Since then, Plaintiff has lived with Terrance. *Id*. at ¶ 23. Plaintiff has now sued Defendant for damages, alleging claims for breach of contract, fraudulent misrepresentation, and a violation of M.C.L. § 500.3906.

## STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

### I. Breach of Contract

Plaintiff first claims that Defendant breached the insurance contract. The proper interpretation of an insurance policy is a question of law, *Wilkie v. Auto-Owners Ins. Co.*, 664 N.W.2d 776, 780 (Mich. 2003), that should be resolved on a Rule 12(b)(6) motion to dismiss.

4

*See Hudson v. State Farm Fire and Cas. Co.*, 93 F.Supp.3d 773, 778 (E.D. Mich. 2015) (dismissing complaint for failure to state a claim after determining that the insurance policy precluded the claim for relief); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").[2]

To state a claim for breach of contract, Plaintiff must establish (1) the existence of a valid contract, (2) that Defendant breached the contract, and (3) that the breach resulted in damages to Plaintiff. *Bank of America, NA v. First American Title Ins. Co.*, 878 N.W.2d 816, 829 (Mich. 2016). Viewing the proposed amended complaint in the light most favorable to Plaintiff, he has plausibly alleged all three elements here.

First, he alleges that a valid contract existed–the long-term care insurance contract. Although it was purportedly terminated by Defendant in November 2015, the policy contained a provision that stated: "This policy is Guaranteed Renewable. We cannot cancel or refuse to renew this policy. To keep this policy in force, you need only pay the premiums on time." Policy, p. 3. This provision appears to have kept Defendant from unilaterally terminating the policy, and allows for the plausible inference that the purported termination in November was invalid.

Second, Plaintiff alleges a breach–the failure to inform his lapse designee of the non-payment of premium in February 2016. Under Plaintiff's policy, if a premium was not received within 31 days after the due date, the policy would lapse, resulting in all coverage ceasing. Policy, p. 18; *see also Yarnell v. Transamerica Life Ins. Co.*, 447 F. App'x 664, 665 n. 2 (6th

---

[2] For the purposes of this motion, the parties have stipulated to the application of Michigan law.

Cir. 2011) (defining "lapse" as the "termination of coverage . . . for nonpayment of premiums[.]"). Likely to prevent this from happening, Plaintiff completed the Lapse Designee form, designating his son to receive notice of any potential lapse. Yet Plaintiff alleges that Defendant did not meet its obligation under this document when it neglected to inform his son that Plaintiff had failed to pay his policy premium in February 2016. Thus, viewed in the light most favorable to Plaintiff, his complaint plausibly alleges a breach.[3]

Finally, Plaintiff alleges specific damages stemming from the alleged breach of the contract and subsequent denial of benefits. The damages alleged are not speculative, but arise directly from the purported breach of contract. *Cf. Van Buren Charter Twp. v. Visteon Corp.*, 904 N.W.2d 192, 201 (Mich. Ct. App. 2017). At this stage, the Court finds that is enough.

In sum, Plaintiff's proposed amended complaint plausibly alleges a breach of contract claim. So, the Court shall grant Plaintiff leave to amend the complaint and deny Defendant's motion to dismiss as to Count One.

## II. Fraudulent Misrepresentation

Next, Plaintiff brings a fraudulent misrepresentation claim. To state a claim, he must show: (1) Defendant made a material representation; (2) that was false; (3) Defendant made the representation knowing it was false or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) Defendant made it with the intention that Plaintiff should act upon it; (5) Plaintiff acted in reliance upon it; and (6) Plaintiff thereby suffered injury. *Titan Ins. Co. v.*

---

[3] Plaintiff cannot, however, show a breach based on the Disclosure Authorization. That provision merely authorized disclosure of personal information to the designated persons, it did not require it. Indeed, nothing in the authorization imposed any obligation on Defendant to affirmatively disclose information to Plaintiff's designees, let alone an obligation to notify them that the policy had lapsed.

*Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012). The failure to show any of these elements is fatal to recovery. *Id*. at 568.

Here, Plaintiff has failed to allege that Defendant knowingly made a false representation. There is only one representation at issue: Defendant notifying Plaintiff that he could appoint a Lapse Designee to receive notice of a potential lapse of the policy. But this representation was true; indeed, Plaintiff took Defendant up on it, completing a Lapse Designee Form and appointing his son as the designee. This form, by its plain terms, did exactly what Defendant said it would–it designated Plaintiff's son as the person to receive notice if the policy was to be terminated for nonpayment of premium. True, Plaintiff alleges that Defendant did not follow through after he failed to pay a premium. But, this failure alone does not show that Defendant *knowingly made the false representation* that Plaintiff could appoint a lapse designee. And Plaintiff's other arguments on this point are not persuasive.

First, he appears to allege that Defendant knowingly failed to disclose its other statutory notice obligations under M.C.L. § 500.3906, including its obligation to notify Plaintiff's designee if the policy was terminated for any reason. But the statute imposes no such obligation. Instead, it only requires the designation of a person who will receive notice of a lapse in payment or termination of the policy due to that lapse. *See* § 3906 ("An individual long-term care policy or certificate shall not be issued until the insurer has received from the applicant either a written designation of at least 1 person . . . who is to receive notice of lapse or termination of the policy or certificate for nonpayment of premium[.]"). And even if Plaintiff's interpretation were correct, the existence of other statutory obligations that Defendant had to comply with would not make the representation here–that Plaintiff could appoint a designee to receive notice of lapse–false.

7

Second, Plaintiff argues that Defendant had no intention of notifying Plaintiff of a lapse in coverage. All he relies on for this contention, however, is an argument from Defendant's brief in support of its Motion to Dismiss that states that the Lapse Designee Form was not part of the policy and cannot form the basis of a breach of contract claim. But this statement does not show that Defendant's representation was false or that Defendant had fraudulent intent. Instead, this allegation is little more than conclusory speculation, which cannot defeat a motion to dismiss. *See In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 469 (6th Cir. 2014). Thus, because Plaintiff cannot show a false representation, or that Defendant had fraudulent intent, the proposed amended complaint does not state a claim for fraudulent misrepresentation and the Court shall grant Defendant's motion to dismiss as to Count Two.

### III. M.C.L. § 500.3906

Finally, Plaintiff seeks damages for Defendant's alleged failure to comply with M.C.L. § 500.3906(1), a section of the Insurance Code of 1956, which provides in relevant part:

> (1) An individual long-term care policy or certificate shall not be issued until the insurer has received from the applicant either a written designation of at least 1 person, in addition to the applicant, who is to receive notice of lapse or termination of the policy or certificate for nonpayment of premium, or a written waiver dated and signed by the applicant electing not to designate additional persons to receive notice. The applicant may designate at least 1 person who is to receive the notice of termination, in addition to the insured.

As noted above, this claim is flawed on the merits. But it also suffers from a more fundamental defect–Plaintiff has no private right of action to enforce this statute. Unless a specific statute says otherwise, only the county prosecutor or the state attorney general may sue an insurer for a violation of the Insurance Code. *See* M.C.L. § 500.230; *Young v. Mich. Mut. Ins. Co.*, 362 N.W.2d 844, 846 (Mich. Ct. App. 1984) ("[M.C.L. § 500.230 precludes a private party

from recovering penalties specified in the code unless otherwise provided."). Section 3906 is no exception, its language affords no private right of action. Thus, Plaintiff cannot state a claim for any violation of this statute and the Court shall grant the motion to dismiss as to Count Three.

## CONCLUSION

For the reasons above, IT IS ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED. Also, Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. The Court GRANTS the motion as Counts Two and Three because Plaintiff has failed to state a claim. But the Court DENIES the motion as to Count One because Plaintiff has, at this stage, plausibly alleged a breach of contract claim.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2018, by electronic and/or ordinary mail.

s/Karri Sandusky on behalf of
Jennifer McCoy, Case Manager